ROBERT WISNIEWSKI
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

--------------------------------------------------------------------------X

ZOFIA ADAMCZUK,

**Docket No.**

Plaintiff,    **JURY TRIAL
DEMANDED**

-against-

SLAWOMIR MAGIER MD.,

Defendants.

--------------------------------------------------------------------------X

**COMPLAINT**

1.    Plaintiff Zofia Adamczuk ("Plaintiff"), by her attorneys, Robert Wisniewski P.C., as and

for her Complaint against the Defendant Slawomir Magier MD. ("Defendant") states as

follows:

**NATURE OF THE ACTION**

2.    Plaintiff brings this action to recover unpaid wages, unpaid overtime wages, unpaid

wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards

Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA"), 40 U.S.C. § 3142(a) (b),

formerly 40 U.S.C. §§ 276a-276a-5, the common law of the State of New Jersey, and the

New Jersey State Wage and Hour Law, N.J.S.A. 34:11, et seq., and regulations

thereunder, including, but not limited to, N.J.S.A. 34:11-56a25 ("N.J. Labor Law").

3.      The Defendant is a Obstetrician-Gynecologist who provides services at his medical office located at 1005 Green Street in Iselin, New Jersey.

4.      Plaintiff was employed by Defendant as medical assistant from December 2, 2013 through July 5, 2017.

5.      Plaintiff regularly worked over 40 hours per week, but was only paid for the first 40 hours that she worked. Plaintiff was not paid at all for the additional hours nor was she paid at the premium overtime rate for all hours worked in excess of 40 per week.

## PARTIES, JURISDICTION AND VENUE

6.      Plaintiff, at all relevant times herein, was and is a resident of the State of New Jersey, Essex County, and has regularly conducted business within the State of New Jersey.

7.      Upon information and belief, at all times herein, Defendant was and is a resident of the State of New Jersey, Essex County, and has regularly conducted business within the State of New Jersey.

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under 29 U.S.C. § 207 (FLSA); and 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

9.      The Defendant engages in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that the employees of said Defendant handles, sells or otherwise works on goods or materials that have been moved in or produced for interstate commerce, and Defendant is thus an employer subject to the jurisdiction of the FLSA.

10. This Court has personal jurisdiction over the Defendant in that he is a citizen and resident of the State of New Jersey, and/or regularly transacted business in New Jersey.

11. This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b) because substantial events giving rise to Plaintiff's claims occurred in this district.

## JURY DEMAND

12. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

13. Defendant is a medical doctor who specializes in Obstetrics and Gynecology.

14. Defendants provides services at his medical office, Slawomir Magier M.D. located at 1005 Green Street, Iselin,  New Jersey 08830.

15. At all times herein, the Defendant transacted and continues to transact substantial business and derived and still derives substantial revenue from services rendered in the State of New Jersey.

16. Plaintiff has been an employee of the Defendant during the years immediately preceding the initiation of this action and has performed labor and services as a medical assistant, as defined by the FLSA, the N.J. Labor Law and the regulations promulgated by the United States Department of Labor's Wage and Hour Division, and New Jersey State's Department of Labor, but Plaintiff has not received the compensation required by the FLSA, the N.J. Labor Law and/or the common law of the state of New Jersey.

17. Defendant was aware of his requirement to pay Plaintiff for each hour she worked and at a higher overtime premium of 150% of her regular rate for each hour worked in excess of 40 hours per week.

18.     Plaintiff regularly worked over 40 hours per week, but was only paid for the first 40 hours that she worked. Additionally, Plaintiff was not paid at the premium overtime rate for all hours worked in excess of 40 per week.

19.     Defendant was aware that Plaintiff was not paid the proper wages required under state and federal law.

***Facts Regarding Plaintiff's Employment and Defendants' Violations of Wage Laws***

20.     In or around December 2013, Plaintiff entered into an oral agreement whereby Plaintiff agreed to perform work and services as a medical assistant in exchange for a specific hourly wage of $20 per hour for work performed for Defendant.

21.     Plaintiff worked at Defendant's medical office in Iselin, New Jersey.

22.     Plaintiff's work schedule varied, depending on the year and Defendant's needs. From the onset of her employment until early July 2017, Plaintiff regularly worked four days a week, Monday, Tuesday, Wednesday and Friday without a lunch break.

23.     During the entire 2014, Plaintiff regularly began her shift at 9:00 a.m. and ended her shift between 8:00 p.m. and 9:00 p.m.

24.     During the entire 2015, Plaintiff regularly began her shift at 8:30 a.m. and ended her shift around 10:00 p.m.

25.     During the entire 2016, Plaintiff regularly began her shift between 8:00 a.m. and 9:00 a.m., and ended her shift between 9:00 p.m. and 10:00 p.m.

26.     From around early January 2017 until early July 2017, Plaintiff regularly began her shift at 8:45 a.m. and ended her shift around 8:00 p.m.

27.     During her entire employment with Defendant, Plaintiff was required to work past 10:00 p.m. and as late as 12:00 a.m. at least twice a month.

28.  In total, Plaintiff regularly worked a minimum of 44 hours per week and a maximum of 56 hours per week.

29.  Despite working over 40 hours per week throughout her employment with Defendant, Plaintiff was only paid for the first 40 hours that she worked. Plaintiff never received any form of additional compensation for the extra hours she worked, either at her regular rate, or at the overtime premium rate of one-and-a-half times her regular rate for the hours she worked in excess of 40 per week.

30.  Furthermore, Defendant would intentionally delay the payment of Plaintiff's wages.

31.  On numerous occasions, Defendant would pay Plaintiff two weeks to a month after the relevant pay period ended.

32.  When Plaintiff would inquire about the status of a late check, Defendant would say "I am too busy."

33.  Plaintiff was terminated in July 2017.

34.  Defendant has intentionally and willfully failed to issue Plaintiff's last two pay checks.

***Willfulness and the Defendant's Status as Plaintiff's Employer***

35.  Upon information and belief, Defendant was aware of his obligation to pay proper regular and overtime wages under federal and state law.

36.  The various violations of law which are alleged herein was committed intentionally and/or willfully by Defendant.

37.  At all times relevant herein, Defendant  directly managed, handled or was responsible for the payroll and/or payroll calculations and signing or issuing checks to the Plaintiff. By virtue of his position at Slawomir Magier, MD.,Defendant was responsible for the management and handling of the payroll and human resources decisions of his medical

office including decisions to hire and fire employees.

38. Defendant had control over the conditions of Plaintiff's employment,  work schedule, the rates and methods of payment of her wages and the maintenance of her employment records.

39. Defendant is Plaintiff's employer, and as a result, is liable for all claims made herein.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

40. Plaintiff repeats and realleges each and every allegation as previously set forth.

41. Plaintiff agreed to perform work and services as a medical asssitant for the Defendant.

42. Plaintiff and Defendant had an oral contract, whereby Plaintiff would provide services in exchange for compensation in the form of an hourly wage for each hour worked.

43. Plaintiff satisfactorily supplied labor in connection with, and in furtherance of, the work required under her employment contract with the Defendant and in doing so, complied with the terms of her employment agreement with the Defendant, and was therefore entitled to wages she rightfully earned while working for the Defendant.

44. The Defendant failed or refused to pay Plaintiff the wages to which she was entitled under her employment agreement with the Defendant.

45. The Defendant's failure or refusal to pay Plaintiff the wages to which she was entitled under her employment agreement with the Defendant constitutes a breach of her employment agreement with the Defendant.

46. That by virtue of the foregoing breach of contract by the Defendant, Plaintiff has been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff should have been paid as contemplated by her employment agreement with the

Defendant, less amounts actually paid to the Plaintiff, together with an award of interest, costs, disbursements, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit)

47.    Plaintiff repeats and realleges each and every allegation previously set forth herein.

48.    Plaintiff performed work and services as a medical assistant for Defendants.

49.    Plaintiff had a reasonable expectation of payment for the hours she worked for the Defendant, but the Defendant failed to remunerate Plaintiff for all the hours she worked.

50.    Plaintiff was entitled to payment for the unpaid hours she worked for the Defendant at a rate which constitutes the reasonable  value of her services, less amounts actually paid to Plaintiff, together with an award of interest, costs, disbursements, and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (New Jersey Wage and Hour Law)

51.    Plaintiff repeats and realleges each and every allegation as previously set forth.

52.    Pursuant to N.J.S.A.34:11-56a4, 34:11-56a 25 as well as other provisions of the New Jersey law and wage orders issued thereunder, Plaintiff was entitled to certain overtime wages, and other wages, all of which the Defendant intentionally failed to pay in violation of such laws.

53.    Wherefore Plaintiff seeks a judgment against all Defendant for all wages which should have been paid, but were not paid, pursuant to the New Jersey Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, the Plaintiff, along with an award of attorneys' fees, interest and costs as provided under N.J.S.A. 34:11-56.8 and other relevant laws and regulations.

## FOURTH CLAIM FOR RELIEF
### (FLSA)

54. Plaintiff repeats and realleges each and every allegation previously set forth herein.

55. Plaintiff was entitled to an overtime hourly wage of time and one-half her regular hourly wage for all hours worked in excess of forty hours per week.

56. Plaintiff regularly worked more than forty hours per week for Defendant, and Defendant willfully failed to make overtime payments.

57. Plaintiff seeks a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

**[No More Text On This Page]**

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against the Defendant as follows:

      a.      Compensatory damages in an amount to be determined at trial;

      b.      Liquidated damages pursuant to FLSA and New Jersey Labor Law;

      c.      Plaintiff's costs and reasonable attorney's fees;

      d.      Pre-judgment interest; and

      e.      Back pay and front pay, and all benefits to which Plaintiff is entitled

Together with such other and further relief that the Court deems just.

Dated: New York, New York
      January 16, 2018

          ROBERT WISNIEWSKI P.C.


          By:*/s/ Robert Wisniewski*
          Robert Wisniewski
          Attorneys for Plaintiff
          225 Broadway, Suite 1020
          New York, New York  10007
          (212) 267-2101